UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19 CR 291 RWS |
| | ) | |
| DEANDRE MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on Deandre Moore's compassionate release motion [112]. Moore seeks compassionate release based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A). The Federal Public Defender did not file a supplemental motion on Moore's behalf. *See* ECF. No. 115. In light of the United States Supreme Court's recent decision in *Rutherford v. United States*, 146 S. Ct. 1320 (2026), Moore's motion will be denied.

## **BACKGROUND**

On February 18, 2020, Moore pleaded guilty to six counts of Carjacking, in violation of 18 U.S.C. § 2119, and two counts of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On May 26, 2020, I sentenced Moore to a term of imprisonment of 186 months followed by a term of three years of supervised release. Moore is currently incarcerated at FCI

Coleman Medium in Sumterville, Florida. His projected release date is March 15, 2032.

## DISCUSSION

The First Step Act of 2018 grants me authority, under certain circumstances, to reduce a defendant's sentence "when extraordinary and compelling reasons warrant" a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). As relevant here, the United States Sentencing Commission promulgates policy statements "describing what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). In 2023, the Commission added a new category, "Unusually Long Sentence," to the list of "extraordinary and compelling" reasons. The amended policy statement permitted courts to consider nonretroactive changes in the law "in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed…." U.S.S.G. § 1B1.13(b)(6). Moore seeks compassionate release pursuant to the amended policy statement.

Moore argues that his sentence should be considered "unusually long" because he was convicted of two "stacked" § 924(c) counts. He points to the First Step Act of 2018 in which Congress limited prosecutors' ability to "stack" multiple § 924(c) counts in the same case. However, Congress did not make this change in

the law retroactive. In *Rutherford*, the Supreme Court addressed the same policy statement and nonretroactive change in the law limiting the practice of "stacking" § 924(c) counts. The Court determined, "[t]he Commission's policy statements must be 'consistent with' the governing statute, 28 U.S.C. § 994(a), and courts have a duty to 'independently interpret the statute and effectuate the will of Congress[.]' " 146 S. Ct. at 1334 (quoting *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 395 (2024)). "The statutory text and structure make clear that Congress's nonretroactive change to § 924(c)—considered by itself or in combination with other factors—cannot make a prisoner eligible for compassionate release." *Id.* at 1335. "To the extent that it counsels otherwise, the Commissioner's policy statement is invalid." *Id.* As a result, Moore's arguments for compassionate release under § 1B1.13(b)(6) are foreclosed by *Rutherford*.

Even if *Rutherford* did not bar relief in Moore's case, Moore has not met the other requirements to demonstrate he is entitled to relief under § 1B1.13(b)(6). Under the "Unusually Long Sentence" category, a defendant must "serve[] at least 10 years of the term of imprisonment" to be eligible for relief. Moore was sentenced in 2020. He has not served at least 10 years of his term of imprisonment. Moreover, the parties agreed to jointly recommend a term of imprisonment of 186 months, which is the sentence that was imposed. Moore raises no other potential grounds for relief.

Because I find that Moore has not presented an "extraordinary and compelling" reason for compassionate release, I will deny his motion.

Accordingly,

**IT IS HEREBY ORDERED that** Deandre Moore's motion for compassionate release [112] is **DENIED.**

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of September, 2026.